629 A.2d 287

**Wayne H. BORING, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(COMBUSTION ENGINEERING, INC.),
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 15, 1993.

Decided July 23, 1993.

Timothy C. Leventry, for petitioner.

Charles G. Brown, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Wayne H. Boring (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision dismissing his claim petition. The issue raised on appeal is whether the referee's finding that Claimant failed to establish the causal relationship between his alleged mental illness and employment is supported by substantial evidence.[1]

1. This case was reassigned to the author of this opinion on January 28, 1993.

Claimant had been intermittently assigned through the local union to work for Combustion Engineering, Inc. (Employer) as a welder since 1972, and for at least two years prior to September 25, 1984, the date of the alleged injury, Employer was Claimant's primary employer. On May 31, 1985, Claimant filed a claim petition alleging that he was disabled as a result of mental illness caused by harassment and threats made by his fellow workers while employed by Employer. At the hearing, Claimant testified that the harassment and threats began in 1976 when he and other union members brought a discrimination action against the union, and worsened after the court ruled in their favor in 1982. He stated that threats against his life and insulting remarks were made in graffiti on the walls at the work site and that as a result, he became emotionally disturbed to the point that he was no longer able to work.

Claimant submitted the deposition testimony of his treating neuropsychiatrist, Frank A. Chianese, M.D., who diagnosed that Claimant suffered from paranoia. Employer presented a two-page report of David L. Spence, M.D., a board-certified psychiatrist, who opined based upon his evaluation of Claimant that his problem was primarily characterological or behavioral in nature, and was not a true psychosis. The referee found that Dr. Spence's opinion was credible; that Claimant's testimony as to the effect of the threats and insults was not credible; and that there was no relationship between Claimant's employment and his characterological or behavioral problem. The referee dismissed the claim petition concluding that Claimant did not meet the burden to establish his entitlement to benefits. Claimant appealed to the Board which affirmed the referee's decision.

On further appeal, this Court vacated the Board's order and remanded the matter to the referee due to a discrepancy in the record concerning Dr. Spence's report. *Boring v. Workmen's Compensation Appeal Board (Combustion Engineering, Inc.)* (No. 3010 C.D.1988, filed November 6, 1989). The record showed that Dr. Spence's report dated July 14, 1986 and admitted into evidence contained in the last paragraph of

page two a statement that Claimant was suffering from a characterological or behavioral problem. However, the reproduced record contained another report also dated July 14, 1986 which was identical except the last paragraph on page two in which Dr. Spence stated that the data available to him was insufficient to render a definite opinion concerning Claimant's condition. In remanding, this Court instructed the referee to clarify the discrepancy in the record and develop additional findings.

After reviewing the deposition testimony of Dr. Spence taken after remand and the parties' stipulation of facts concerning the discrepancy in the record,[2] the referee made findings of fact which adopted most of his earlier findings. The referee, however, deleted his earlier credibility determination in favor of Dr. Spence's testimony and found that Dr. Spence was unable to render an opinion regarding Claimant's psychological problem and its causation. The referee accepted as credible Dr. Chianese's diagnosis of Claimant's condition as paranoia. However, he found that Dr. Chianese could not render an opinion with reasonable medical certainty on the causation and that Claimant therefore did not meet his burden to establish entitlement to benefits. Consequently, the referee dismissed the claim petition. On appeal, the Board affirmed and Claimant appealed to this Court.[3]

▪▪▪ The degree of a claimant's burden of proof to establish compensable work-related mental disability is high. *Hammerle v. Workmen's Compensation Appeal Board (Dep't*

---

**2.** According to the stipulation, the last paragraph contained in the reproduced record was a part of Dr. Spence's first report which was sent to Claimant's counsel. Dr. Spence thereafter issued a second report after his discussion with Employer's counsel. The report admitted into evidence was the first page of the first report and the second page of the second report which replaced the last paragraph of the first report and inserted a new paragraph containing a statement that Claimant's problem was characterological or behavioral.

**3.** This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

*of Agriculture),* 88 Pa.Commonwealth Ct. 486, 490 A.2d 494 (1985). Due to the highly subjective nature of mental injury, its occurrence and cause must be adequately pinpointed. *Thomas v. Workmen's Compensation Appeal Board,* 55 Pa.Commonwealth Ct. 449, 423 A.2d 784 (1980). Further, a claimant must establish the causal relationship between the mental illness and employment by unequivocal medical testimony. *Lukens Steel Co. v. Workmen's Compensation Appeal Board (Price),* 149 Pa.Commonwealth Ct. 177, 612 A.2d 638 (1992).

■ Claimant contends that Dr. Chianese's testimony was sufficient to satisfy his burden to establish causation. Review of Dr. Chianese's testimony in its entirety demonstrates, however, that his testimony was equivocal and therefore insufficient to establish a causal connection. A determination of whether medical testimony is unequivocal is a conclusion of law fully reviewable by this Court. *Lewis v. Commonwealth,* 508 Pa. 360, 498 A.2d 800 (1985). Dr. Chianese testified on direct examination concerning the cause of Claimant's condition as follows:

Q. Doctor, based upon your initial examination of Mr. Boring, did you at that time arrive at an opinion with a reasonable degree of medical certainty as to the cause of this paranoia, these problems which you've just testified to?

A. A direct cause and effect is difficult to establish in a situation like this. This man had a kernel of fact in its origins. All of us run into difficulties in our work. All of us at one time or another figure that someone doesn't—think that someone doesn't like us for one reason or another. This may have been the kernel that gave rise to the whole thing. And its elaboration was probably paranoia.

. . . .

Q. So, has your opinion changed in regard to the cause of Mr. Boring's problems?

A. Here again, I do not—I cannot state with absolute or even reasonable medical certainty the cause, whether this started with fact or with delusion. My opinion was this probably started with a fact, something that was real and

built on into a delusional system. Here again, I cannot say with medical certainty that that was so, but it usually is.

Q. Assuming that Mr. Boring has related to you and assuming that his perceptions are fact, could you state with reasonable medical certainty your opinion as to the cause of his problems?

A. Well, if this was all fact, he's not paranoid, you know. But I think with reasonable medical certainty, I can say that this is probably paranoia to some degree or another. How much is fact and how much is paranoia, I could never state.

Deposition of Frank A. Chianese, M.D., pp. 10–11, 14.

■ The record supports the referee's finding that Dr. Chianese could not render an opinion with reasonable medical certainty as to the causal relationship between Claimant's paranoia and employment. At no time during his deposition could Dr. Chianese definitely pinpoint the cause of Claimant's condition. Where, as here, medical evidence is less than positive or based upon possibilities, it does not constitute legally competent evidence to establish the causal relationship. *Cardyn v. Workmen's Compensation Appeal Board (Heppenstall)*, 517 Pa. 98, 534 A.2d 1389 (1987). Thus, Claimant failed to present unequivocal medical evidence to establish a causal relationship.[4]

Since Claimant failed to meet his burden to prove entitlement to benefits, the referee properly dismissed the claim petition. Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 23rd day of July, 1993, the order of the Workmen's Compensation Appeal Board dated June 19, 1992 is affirmed.

---

**4.** Claimant further contends that he is entitled to benefits because the facts establish that he was subjected to abnormal working conditions. A claimant in a mental disability case must prove that the injury is other than a subjective reaction to normal working conditions. *Martin v. Ketchum, Inc.*, 523 Pa. 509, 568 A.2d 159 (1990). However, in the matter sub judice, regardless of the existence of abnormal working conditions, Claimant failed to establish that his mental illness is in fact a work-related injury. Therefore, it is unnecessary to determine whether Claimant worked in an abnormal working environment.