631 A.2d 1119

**MONESSEN, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MARSH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 13, 1993.

Decided Sept. 23, 1993.

---

Richard E. Lafferty, for petitioner.

James J. Bedortha, for respondent.

Before McGINLEY and PELLEGRINI, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

Monessen, Inc. (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) that affirmed a referee's decision granting Faith Marsh (Claimant) disability benefits for a psychiatric injury.

Claimant has been employed as an oiler for approximately twelve years. On November 30, 1989, Claimant was performing her assigned duty of greasing the wheels of a coke oven door machine.[1] Claimant was underneath the coke oven door machine when she either felt or heard something hit it. Claimant immediately jumped out from underneath the coke oven door machine at which time she observed a hot car pushing the coke oven door machine along the tracks. Claimant became very upset following the incident but she remained at work until the completion of her work day. Claimant returned the next day but was unable to perform her duties. Claimant reported to Employer's nurse and stated that she wanted to go to the hospital. Claimant went to the emergency room at Monongahela Valley Hospital where she was admitted as an inpatient on December 1, 1989. Claimant left her employment until she returned to her former position on April 23, 1990.

---

1. A coke oven door machine is "the machine that the coke goes through to go on into the hot car." Notes of Testimony, August 28, 1990, (N.T) at 4; Reproduced Record (R.R.) at 22a.

On July 9, 1990, Claimant filed a claim petition for workers' compensation benefits alleging that she suffered a work-related injury in the nature of "post-traumatic stress disorder" as a result of being "nearly run over while oiling wheel of coke oven door machine." Claim Petition, July 9, 1990; R.R. at 4a. Employer and its insurer, State Workmen's Insurance Fund, filed an answer denying all of the allegations in Claimant's petition. A referee's hearing was held.

In support of the claim petition Claimant testified on her own behalf. Claimant testified that after the hot car hit the coke oven door machine, "I had just gotten out of there ... [i]f I had been anywhere else on that machine, I would have been dead." N.T. at 5; R.R. at 22a. Claimant testified that she was unable to perform any work activity after the incident. Claimant also introduced into evidence the medical report of Oscar Urrea, M.D., A.C.P. (Dr. Urrea), a psychiatrist. Dr. Urrea stated that he first examined Claimant on December 5, 1989, and obtained an occupational history. Dr. Urrea stated that claimant suffers from post traumatic stress disorder characterized by "nightmares about the accident ... [fright,] crying spells and panic attacks." Medical Report of Dr. Oscar Urrea, April 19, 1990, (Report of Dr. Urrea) at 1; R.R. at 69a. Dr. Urrea opined that Claimant's anxiety and panic are work-related and that she was disabled until April 15, 1990.[2] Dr. Urrea concluded that his prognosis is guarded as to whether Claimant can continue her previous duties after returning to her job.

The referee found that Claimant's "account of the problems of the work episode to be quite credible" and that "[t]he opinions expressed by Dr. Urrea are ... unequivocal ... as to the disabling anxiety suffered by the claimant for the periods of December 1, until April 15, 1990." Referee's Decision, April 22, 1991, Findings of Fact Nos. 11 and 12. The Board affirmed the referee's decision concluding that "the referee's findings that Claimant came close to being run over by a

2. Dr. Urrea also stated that although Claimant had a prior history of anxiety and panic she was doing well and that she did not suffer any panic attacks for years prior to the incident at work.

machine at work was substantial evidence in support of the conclusion that the event was an abnormal working condition." Board's Decision, November 14, 1992, at 5.

On appeal Employer contends Claimant failed to produce corroborative evidence that she suffered a psychiatric injury. Employer contends that the only evidence presented was Claimant's perception as to what occurred at the workplace.

■ Our scope of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed and whether the necessary findings are supported by substantial evidence. *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990).

■ Initially, Employer contends that the only evidence presented by Claimant was her subjective description concerning the incident and that this testimony fails to establish an abnormal working condition. In *Marsico v. Workmen's Compensation Appeal Board (Department of Revenue)*, 138 Pa.Commonwealth Ct. 352, 588 A.2d 984 (1991), we noted that Pennsylvania has adopted an objective test for determining whether a psychic injury is compensable. *Id.* at 358, 588 A.2d at 987. Absent physical injury as a precursor a claimant must prove actual extraordinary events occurred at work which caused the injury or that abnormal working conditions over a long period of time caused the injury. *Id.* The question of whether a claimant's exposure to abnormal working conditions caused a work-related disability is a mixed question of law and fact, which is reviewable by this Court. *Jeanes Hospital v. Workmen's Compensation Appeal Board (Miller)*, 141 Pa.Commonwealth Ct. 308, 595 A.2d 725 (1991), *petition for allowance of appeal denied*, 532 Pa. 648, 614 A.2d 1144 (1992). Abnormal working conditions must be proved by objective evidence and cannot be established by a claimant's subjective reactions to normal working conditions. *Martin v. Ketchum, Inc.*, 523 Pa. 509, 519, 568 A.2d 159, 164, 165 (1990) (citing *Russella v. Workmen's Compensation Appeal Board (National Foam Systems, Inc.)*, 91 Pa.Commonwealth Ct. 471, 475–76,

497 A.2d 290, 292 (1985), *petition for allowance of appeal denied,* 516 Pa. 637, 533 A.2d 95 (1987)).

■ In the present controversy Claimant testified that she performed the same duties for approximately twelve years and that she used the same procedures for locking and greasing the coke oven door machine.[3] Claimant also testified that in her twelve years of employment she never saw this type of incident.[4] The events experienced by Claimant were traumatic and do not occur in the everyday workplace. Claimant sustained her burden of proving that an extraordinary event occurred at work which caused her injury. We find no error in the referee and the Board concluding that Claimant's psychiatric disability was caused by an abnormal working condition.

Accordingly, we affirm the decision of the Board.

## ORDER

AND NOW, this 23rd day of September, 1993, the order of the Workmen's Compensation Appeal Board at A91–936, dated November 24, 1992, is affirmed.

■

3. David Chervenick, Claimant's attorney, to Claimant:
Q: Is there a procedure to following before going under the machine to lock it out?
A: Yes, I had my machine locked up. They told me if the machines locked out it will never move.

4. Referee Henry W. Wilson, Sr. to Claimant:
Q: Well, you'd before kind of relied on somebody else had you?
A: Well, we never were told or we—See, my thing was there is was once I locked my machine up, they said your machine won't move. It was pressed, lock out is number one, but never in my 12 years have I ever heard of what happened. I mean, we never had to keep the hot car locked out because this never happened. Now,—
Q: So now you keep the hot car locked up, too—
A: Yes.
N.T. at 19–20; R.R. at 37a–38a.