639 A.2d 1306

**SCHOOL DISTRICT OF PHILADELPHIA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (COE), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1994.

Decided March 30, 1994.

90

Brian J. Durkin, for petitioner.

Gerald Jay Pomerantz, for respondent.

Before COLINS and NEWMAN, JJ., and DELLA PORTA, Senior Judge.

NEWMAN, Judge.

The School District of Philadelphia (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting the petition to set aside the final receipt of Geraldine Coe (Claimant) under The Pennsylvania Workers' Compensation Act (Act).[1] We reverse.

On April 23, 1984, Claimant sustained work-related injuries while employed as a custodial aide for Employer. Specifically, Claimant injured her left hip, arm and back when she slipped and fell on a wet floor. Thereafter, Claimant received temporary total disability benefits pursuant to a notice of compensation payable.

On September 10, 1984, Claimant returned to work; and on January 11, 1985, Claimant signed a final receipt. Claimant continued her employment with Employer until January 3, 1986, when she left due to an alleged recurrence of her disability and psychological problems.

On July 7, 1986, Claimant filed a petition for reinstatement which she later amended to be a petition to set aside the final receipt. Specifically, Claimant alleged that "due to continued [sic] and worsening pain in my back and neck, and subsequent depression, I was forced to stop work and undergo hospitalization on January 3, 1986." Employer filed an answer denying the material allegations of the petition.

In support of her petition, Claimant testified and presented the deposition testimony of Arnold Lincow, D.O. and Jeffrey Kohn, M.D.

Dr. Lincow, a family doctor, was one of Claimant's treating physicians. He testified that Claimant continued to suffer from a variety of problems with her neck and back as a result

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

of the April 23, 1984 incident and that Claimant also suffered from psychiatric problems which were a result of the trauma. These psychiatric problems prompted Dr. Lincow to refer Claimant to Dr. Kohn, a psychiatrist. The referee found Dr. Lincow's testimony as to Claimant's continuing orthopedic problems to be less than credible and as such rejected it. However, the referee also found Dr. Lincow's opinion concerning Claimant's need for psychiatric treatment and his referral to Dr. Kohn to be credible.

Dr. Kohn first examined Claimant on February 13, 1986, nearly two (2) years after the slip and fall incident. Regarding Claimant's mental health, Dr. Kohn testified that Claimant was unable to return to work due to serious depression and that this depression was causally connected to the April 23, 1984 incident. The referee found this testimony to be credible and adopted it as the facts of this case.

In opposition to Claimant's petition, Employer presented the deposition testimony of Jose Auday, M.D., John Williams, M.D. and Harold Byron, M.D.

Dr. Auday, an orthopedic surgeon, testified that Claimant had fully recovered from all orthopedic injuries stemming from the April 23, 1984 incident. Dr. Williams, also an orthopedic surgeon, similarly testified that Claimant had fully recovered from all orthopedic injuries and was, from an orthopedic point of view, capable of performing her pre-injury duties as a custodial aide. He further testified that Claimant was not in need of further orthopedic treatment. The referee found the testimony of both doctors to be credible and adopted it as the facts of this case.

Regarding Claimant's mental health, Dr. Byron, a psychiatrist, testified that although Claimant suffered from a psychiatric illness which rendered her incapable of performing her pre-injury job, this illness was not related to her work injury of April 23, 1984. Rather, Dr. Byron attributed Claimant's mental illness to her son's brutal death in 1980. The referee found Dr. Byron's testimony regarding causation to be less than credible and as such rejected it.

Upon consideration of the evidence presented, the referee made the following pertinent conclusions of law:

2. Claimant has established by preponderance of the evidence that she still suffered from a work related injury at the time she signed the Final Receipt in January 1985 and as such, that Final Receipt must be set aside.

3. [Employer] has established by preponderance of the evidence that claimant had fully recovered from all orthopedic injuries suffered in her work accident in April 1984.

4. Claimant has established by preponderance of the evidence that she continues to suffer a psychiatric injury related to the April 23, 1984 incident.

5. I find the case of *Buczynski vs. W.C.A.B.*, 576 A.2d 421 (1990)[2] to be controlling, having set aside the Final Receipt the burden is on the employer to show a lack of work related causation where the claimant maintains that she remains disabled due to a psychiatric ailment stemming from the original injury. In this case, the testimony of Dr. Byron fails in this regard.

Referee's Decision and Order of May 5, 1992 at 5 (footnote added).

Accordingly, the referee granted Claimant's petition to set aside the final receipt and ordered Employer to commence payment of temporary total disability benefits beginning on January 3, 1986. The referee further ordered that Employer shall remain responsible for all reasonable and related medical bills incurred by Claimant in the treatment of her psychiatric condition.

Employer appealed the referee's decision to the Board, and the Board affirmed. This appeal followed.

On appeal to this court, two issues are presented: 1) whether the referee erred in placing on Employer the burden of disproving a causal connection between the April 23, 1984 slip and fall incident and Claimant's January 1986 psychiatric disability, when the only injuries for which Employer previ-

2. *Buczynski v. Workmen's Compensation Appeal Board (Richardson–Vicks, Inc.),* 133 Pa.Commonwealth Ct. 532, 576 A.2d 421 (1990).

ously accepted liability were the orthopedic injuries; and 2) whether the referee erred in concluding that Claimant suffered a work-related psychiatric disability in January 1986 as a result of the April 23, 1984 slip and fall incident.[3]

■ With respect to the first issue, Employer asserts that the referee erred in setting aside the final receipt where the underlying work-related disability for which Claimant initially received benefits was not a psychiatric injury and where Claimant never met the threshold burden of establishing a causal connection between the April 23, 1984 slip and fall incident and the subsequent psychiatric injury. It is Employer's position that the referee improperly placed the burden upon Employer to disprove work-related causation with respect to the psychiatric injury. We agree.

■ Our review of the record in this case reveals that in seeking to set aside her final receipt, Claimant asserted, among other things, that her psychiatric disability resulting from the April 23, 1984 incident had not ceased at the time she executed the final receipt. However, our review of the record also reveals that the first time that Claimant indicated that she suffered a psychiatric disability as the result of the work-related incident was in her petition to set aside the final receipt. Moreover, at no time did Employer accept liability for Claimant's psychiatric injury. In this regard, the law is clear that under the Act, employers are liable for injuries arising in the course of employment and related thereto and "where new, seemingly unrelated, 'non-natural and non-probable' symptoms develop, allegedly stemming from such injuries," the burden is on the claimant to establish the nexus by unequivocal medical testimony. *Hilton Hotel Corp. v. Workmen's Compensation Appeal Board (Totin)*, 102 Pa.Commonwealth Ct. 528, 533–34, 518 A.2d 1316, 1319 (1986). *See also*

3. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *aff'd*, 531 Pa. 287, 612 A.2d 434 (1992).

*Staroschuck v. Workmen's Compensation Appeal Board (Midland Ross Corp.),* 153 Pa.Commonwealth Ct. 523, 621 A.2d 1173 (1993).

In placing the burden on Employer to show a lack of work-related causation, the referee relied upon *Buczynski.* This reliance, however, was in error. While it is true that the *Buczynski* court noted that in a *termination* proceeding the burden is on the employer to show a lack of work-related causation where the claimant maintains that she remains disabled due to an emotional ailment which stems from the original injury, we are not presently faced with a termination petition. Similarly, in *Buczynski,* we were faced with a claimant who alleged that her physical disability from her work-related injury had not ceased and as a result of that injury, she incurred certain psychiatric expenses which she sought to have her employer reimburse. This court, in affirming the decision of the Board, held that the Board had properly placed the burden on the claimant to show by unequivocal medical testimony that medical expenses arising from her depression, a psychiatric condition which has no obvious causal relationship to the injury giving rise to her original disability,[4] were related to the original injury.

Similarly, the burden in this case properly rested on Claimant to establish the causal connection between her psychiatric injury of January 1986 and the work-related incident of April 23, 1984. As such, we conclude that the referee erred in placing the burden on Employer to disprove work-related causation with respect to Claimant's psychiatric injury.

With respect to the second issue, Employer asserts that the referee's conclusion that Claimant suffered a work-related psychiatric disability in January 1986 as a result of the April 23, 1984 slip and fall incident is logically flawed. It is Employer's position that the referee, upon accepting the testimony of Employer's medical witnesses that Claimant had fully

4. In *Hilton,* we also noted that "[i]t is manifest ... that psychological disorders such as ... depression are not the 'immediate and direct' or 'natural and probable' consequences of a [back] strain...." 102 Pa.Commonwealth Ct. at 533, 518 A.2d at 1319.

recovered from her orthopedic injuries, could not then accept the opinion of Dr. Kohn that Claimant was unable to return to her pre-injury position due to depression. Specifically, Employer asserts that the referee could not logically accept this opinion because it was premised on a conclusion that Claimant's depression was caused by the continuing nature of her orthopedic injuries. We agree.

This court was faced with a similar situation in *USX Corp. v. Workmen's Compensation Appeal Board (Koteles)*, 133 Pa.Commonwealth Ct. 419, 576 A.2d 419 (1990). In *USX Corp.*, the referee first accepted the examining physician's conclusion that a coal miner had black lung disease and then accepted the conclusion of the employer's witness that the miner was not disabled. In affirming the order of the Board which reversed the referee's decision, we held that once a referee accepted the conclusion that the coal miner had black lung disease, the referee could not also accept the conclusion of the employer's expert that the miner was not disabled where the expert's report had been premised on a conclusion that the miner had not contracted black lung disease. We further held that the referee could not logically accept a medical conclusion of no disability without also accepting the premise that the miner did not have black lung disease.

Our review of the record in the instant case reveals that in establishing the nexus between Claimant's psychiatric disability and the April 23, 1984 incident, Dr. Kohn testified "with a reasonable degree of medical certainty ... that because [Claimant's] physical symptoms became so severe she could not continue working, that she got depressed." Dr. Kohn's Deposition at 45. The referee specifically found Dr. Kohn's testimony to be credible and adopted it as the facts of this case. We also note, however, that the referee specifically found that Claimant had fully recovered from her orthopedic injuries as of August 16, 1984. Finding of Fact No. 9. Employer submits, and we agree, that the referee could not logically accept Dr. Kohn's opinion that Claimant suffered from a psychiatric illness due to the continuing nature of her work-related orthopedic injuries without also rejecting the

premise that Claimant had fully recovered from them. As such, we conclude that the referee's ultimate conclusion in this matter cannot stand.

Accordingly, we reverse the order of the Board, affirming the decision of the referee.

## ORDER

AND NOW, March 30, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.