647 A.2d 996

**WASHINGTON STEEL COMPANY and Aetna Life and Casualty Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Argo), Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1994.

Decided Sept. 2, 1994.

Edward K. Dixon, for petitioners.

John T. Hofrichter, for respondent.

Before SMITH, KELLEY, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Washington Steel Company (Employer) appeals from the order of the Workmen's Compensation Appeal Board which affirms the referee's decision to deny Employer's modification petition. The referee found that Claimant, Thomas P. Argo, had physically recovered from the burn injuries sustained in a work accident on August 16, 1989 which involved an explosion of molten metal from a furnace but that Claimant could not return to work because of his psychiatric condition. The referee concluded that Employer failed to sustain its burden of proving by substantial competent evidence that Claimant could return to work and that work within his restrictions was available with wages equal to or greater than his pre-injury wage, and that Claimant sustained his burden of proving a psychiatric injury resulting from the physical injuries sustained on August 16, 1989.

## I.

■ Employer questions whether the Board erred when it categorized Claimant's injury as a physical/mental injury as opposed to a mental/mental injury and determined that substantial evidence existed to support the high standard of proof required; and whether Claimant recovered from his physical injuries and work is available which he is capable of performing within his physical restrictions. Employer contends that the psychiatric injury claimed by Claimant falls in the category of a mental/mental injury, that mental stimuli other than his fear of returning to work precipitated Claimant's present mental condition, and that it is the result of an abnormal reaction to normal work conditions. This Court's scope of review of the Board's decision is limited to determining wheth-

er the necessary findings of fact are supported by substantial competent evidence of record, whether an error of law was committed, and whether any constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

■ In cases of psychiatric injury, a claimant may recover benefits where the claimant proves by objective evidence that a psychiatric injury has occurred and that it is an injury other than a subjective reaction to normal working condition. *Martin v. Ketchum, Inc.*, 523 Pa. 509, 568 A.2d 159 (1990); *Boring v. Workmen's Compensation Appeal Board (Combustion Engineering, Inc.)*, 157 Pa.Commonwealth Ct. 277, 629 A.2d 287 (1993). However, not all psychic injury claims require the same standard of proof. *Boeing Vertol Co. v. Workmen's Compensation Appeal Board (Coles)*, 107 Pa.Commonwealth Ct. 388, 528 A.2d 1020 (1987), *appeal denied*, 517 Pa. 619, 538 A.2d 501 (1988). Claims involving mental/mental injury require that actual extraordinary occurrences took place at work which caused the injury or that abnormal conditions over a long period of time caused the injury. *Monessen, Inc. v. Workmen's Compensation Appeal Board (Marsh)*, 158 Pa.Commonwealth Ct. 502, 631 A.2d 1119 (1993); *Driscoll v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 134 Pa.Commonwealth Ct. 206, 578 A.2d 596 (1990). Claims involving physical/mental injury require that a claimant's psychological injuries occur as result of a triggering physical event and that the injuries arose in the course of employment and were related thereto; and such injuries are compensable as well under The Workers' Compensation Act.[1] *See Bell v. Workmen's Compensation Appeal Board (Allegheny County Housing Auth.)*, 152 Pa.Commonwealth Ct. 636, 620 A.2d 589 (1993); *Sibrava v. Workmen's Compensation Appeal Board (Trans World Airlines)*, 113 Pa.Commonwealth Ct. 286, 537 A.2d 75 (1988).

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Claimant, employed as a laborer, was paid total disability benefits pursuant to a notice of compensation payable dated September 11, 1989 for injuries sustained in the August 1989 accident. Employer filed its modification petition on October 23, 1990 alleging that Claimant's treating physician, Dr. William Goldfarb, released Claimant to return to work without restriction on March 19, 1990 but that Claimant had failed to return to his employment. Claimant denied the petition and subsequently moved on July 30, 1991 to amend his original petition to include a claim for psychiatric injury. Employer also filed a review petition for a ruling on Claimant's entitlement to facial disfigurement benefits.

At hearings before the referee, Employer offered the deposition testimony of Dr. Goldfarb, a board-certified surgeon specializing in burn surgery and treatment, who began treating Claimant on August 17, 1989 and last saw him on September 28, 1990. Dr. Goldfarb described Claimant's injuries as superficial second degree and partial third degree burns to his face and upper extremities; released Claimant to return to his pre-injury job without restrictions on March 19, 1990; recommended Claimant wear a Jobst garment or glove on his hands for scar formation control; and opined that use of the glove would have no impact on Claimant's job performance.

Claimant presented the deposition testimony of Dr. William J. Mitchell who, while not a burn specialist, diagnosed Claimant's condition as burn dysthesia of both hands and determined based upon Claimant's complaints and an inspection of his skin that he was unable to work on a regular or continued basis. Dr. Thomas R. Rumble, a psychiatrist, also testified by deposition on behalf of Claimant and stated that at his initial examination on October 8, 1990, Claimant provided a history of physical and emotional complaints including insomnia, nightmares and preoccupation with his burn injuries. He stated that Claimant did not magnify his symptoms or fabricate his complaints of pain which contributed to the depression, diagnosed Claimant as suffering post-traumatic disorder, and concluded that he could not return to work in an environ-

ment where Claimant would be exposed to a furnace or in any other environment.

The referee found Dr. Goldfarb's testimony more credible and persuasive than that given by Dr. Mitchell and that Claimant had recovered from the physical effects of burns suffered in the August 1989 accident; the referee also found credible and persuasive Dr. Rumble's testimony and his conclusion that because of Claimant's depression, he could not return to work in any environment. The referee found that Claimant's psychological reaction to his work injury was not an abnormal reaction to a normal work incident and that his acceptance of disability retirement is insufficient support to find that Claimant voluntarily removed himself from the work market.

## II.

Employer complains that Claimant has failed to prove a mental injury claim and that because he was unconditionally released to return to work, the referee erred in finding total disability based upon a psychological reaction to a resolved work-related injury. Employer maintains that Claimant's expressed fear of returning to work was not the only factor contributing to his depression when in fact he experienced marital problems and financial difficulties as well; and considering Claimant's age and his voluntary retirement, no foundation exists in the record to demonstrate a psychiatric injury related solely to the burns suffered in the accident.

To meet his burden of proof, Employer asserts that Claimant must establish a causal connection between the alleged mental illness and his employment with unequivocal medical testimony, citing *Lukens Steel Co. v. Workmen's Compensation Appeal Board (Price)*, 149 Pa.Commonwealth Ct. 177, 612 A.2d 638 (1982), and that the occurrence of Claimant's mental injury must be adequately pinpointed. Claimant argues to the contrary and that this Court should affirm the referee's conclusion that a physical/mental injury occurred which does not require the high standard of proof demanded in mental/mental

injury cases. Relying upon his prior complaints to Dr. Goldfarb of continuing pain and emotional problems, the doctor's recommendation that Claimant consult a psychologist who treats burn patients, and Dr. Rumble's opinion that Claimant's post-traumatic stress disorder and depression arose from events of the work-related injury, Claimant contends that sufficient and competent evidence exists in the record to support the finding of a physical/mental injury.

This Court recently had the occasion to decide whether a claim for psychological injury may be sustained based upon a physical injury from which the claimant has fully recovered. In *School Dist. of Philadelphia v. Workmen's Compensation Appeal Board (Coe)*, 163 Pa.Commonwealth Ct. 89, 639 A.2d 1306 (1994), the Court reversed the Board and held that the referee could not logically accept the claimant's medical evidence that she suffered from a psychiatric illness due to the continuing nature of her work-related orthopedic injuries without simultaneously rejecting the premise that the claimant had fully recovered from her work-related orthopedic injuries. In an action to set aside a final receipt, the referee found that the employer had established by a preponderance of the evidence that the claimant had fully recovered from all orthopedic injuries suffered in her April 1984 accident and that the claimant had established by the same degree of evidence that she suffers a psychiatric injury related to the April 1984 incident.

Relying upon an earlier decision in *USX Corp. v. Workmen's Compensation Appeal Board (Koteles)*, 133 Pa.Commonwealth Ct. 419, 576 A.2d 419 (1990), this Court held in *School Dist. of Philadelphia* that the referee's conclusions could not stand because of the inconsistent and illogical nature of the referee's findings. In *USX*, the referee concluded as a matter of law that the claimant suffered black lung disease but that he was not disabled from the disease. The decision was based on findings that the claimant had contracted the disease during his employment according to the claimant's medical expert who the referee found competent and credible but, on the other hand, that the claimant is not disabled because

according to USX' medical expert the claimant did not suffer black lung disease. The referee similarly found USX' expert competent and credible. This Court affirmed the Board which determined that the referee's findings were "a gross nonsequitur," and after striking the report of USX' physician, reversed the referee and awarded compensation.

This case is also distinguished from *Textron, Inc. v. Workmen's Compensation Appeal Board (Morack)*, 105 Pa.Commonwealth Ct. 273, 523 A.2d 1216 (1987), where benefits were awarded for psychic injury suffered by the claimant who experienced a series of work-related physical injuries after the original injury in October 1977 to his back and knee. The claimant suffered additional injuries from accidents occurring from 1978 to March 1982 which included acid burns about his body from chemicals used on the job and re-injury to his back; the claimant claimed that these work-related accidents exacerbated his fear of future injury and in August 1982 attempted suicide. The claimant's medical expert testified that the original injury caused the claimant to suffer anxiety which exacerbated a pre-existing depressive disorder which in turn was exacerbated by the series of accidents and injuries on the job. The referee found that the claimant suffered a real fear of returning to work, and that the fear arose from the original injury and was exacerbated by an underlying pre-disposition to depressive episodes.[2] In light of the *Textron* record, this Court rejected the employer's contention that the claimant's fear of further injury was a subjective reaction to normal working conditions.

2. *See also Thomas v. Workmen's Compensation Appeal Board (Atlantic Refining Co.)*, 55 Pa.Commonwealth Ct. 449, 423 A.2d 784 (1980), where the claimant, an oil refinery employee, was burned in a refinery fire in 1970 and five years later claimed mental injury after watching another oil refinery fire on television. The claimant complained of nervousness, anxiety and depression after the initial fire and thereafter, and following the 1975 incident was diagnosed as suffering from post-traumatic neurosis. In affirming the denial of benefits, this Court stated that the causal nexus was not proven by the claimant due to the remoteness in time between the physical injury and mental illness. Furthermore, the Court rejected the contention that an employee's subjective reaction of fear to going to work and being exposed to normal conditions constitutes an injury under the Act.

In the matter sub judice, the referee accepted Dr. Goldfarb's medical opinion that Claimant had recovered from his work-related injuries and could return to work without restrictions while simultaneously accepting Dr. Rumble's testimony that Claimant suffered disabling depression related to the work-related injury from which Claimant had recovered and that this depression prevented him from returning to work where he would be exposed to a furnace or to work in any other environment. The referee's determination to accept both Dr. Goldfarb's testimony and that offered by Dr. Rumble represents an inconsistency which cannot be logically accepted. Moreover, substantial evidence is found in the record which supports the referee's finding that Claimant has fully recovered from his work-related burn injuries.

Based upon this Court's recent ruling in *School Dist. of Philadelphia* and well-established principle that a claimant must sustain his or her burden of proof in psychic injury claims with unequivocal medical evidence, *see Stonebraker v. Workmen's Compensation Appeal Board (Seven Springs Farm, Inc.)*, 163 Pa.Commonwealth Ct. 468, 641 A.2d 655 (1994), n. 3, and cases cited therein, it is inescapable that the referee erred in rendering obviously conflicting findings of fact and conclusions and that his findings demonstrate a "gross nonsequitur." *USX.* For the above reasons, the Board's order shall be reversed, and because of the disposition of this appeal, the Court finds no necessity for an analysis of the law pertaining to mental/mental versus physical/mental injury cases, or for a discussion of work availability or any other remaining issues presented by the parties.

## ORDER

AND NOW this 2nd day of September, 1994 the order of the Workmen's Compensation Appeal Board is hereby reversed.