**THOMAS JEFFERSON UNIVERSITY HOSPITAL, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (O'HARA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 17, 1999.
Decided Feb. 3, 2000.

Wendy L. Slear, Philadelphia, for petitioner.

No appearance entered for respondent.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

Thomas Jefferson University Hospital (Petitioner) petitions this Court for review of the order of the Workers' Compensation Appeal Board (Board) that affirmed in part and reversed in part the decision of the Workers' Compensation Judge (WCJ) granting Petitioner's termination petition. Petitioner presents three questions to the Court: whether the Board erred in finding that the claimant Gerald O'Hara (O'Hara) had fully recovered from physical injuries but also suffered continuing psychiatric disability based upon the physical injury; whether the Board erred in placing the burden on Petitioner to show a lack of causal connection between O'Hara's physical and psychiatric injuries; and whether the Board erred by substituting its credibility determinations in place of those made by the WCJ.

## I

Petitioner had employed O'Hara for five years as a heating, ventilation and air conditioning mechanic when, on August 10, 1986, he sustained injuries after he fell from a platform approximately two to three feet and landed on the ground. Petitioner issued a notice of compensation payable that described the injury as right

wrist and shoulder strain. The parties entered into a supplemental agreement on March 31, 1989, adjusting O'Hara's payments. On December 10, 1990, O'Hara filed a petition to review notice of compensation payable contesting the compensation rate and the description of his injuries. The petition to review alleged that Petitioner had failed to pay for reasonable, necessary and related medical care to O'Hara and that the description of his injuries was incomplete.

On May 24, 1991, Petitioner filed a petition for termination, suspension or modification of compensation, contending that O'Hara was fully recovered from his work injury as of March 21, 1991. Petitioner also filed a petition to review medical treatment challenging O'Hara's medical treatment and physical therapy after March 21, 1991 on the basis that it was not reasonable, necessary or related to the work injury. In a decision dated October 23, 1996, the WCJ granted Petitioner's termination petition and medical review petition and denied O'Hara's review petition. However, the WCJ ordered Petitioner to pay all reasonable medical expenses incurred on or prior to the date of the WCJ's decision for treatment of O'Hara's right wrist and shoulder. ·

Based upon the testimony of Petitioner's medical witness, Stanley R. Askin, M.D., the WCJ found that as of March 21, 1991 O'Hara had completely recovered from his physical injuries. Further, the WCJ found the testimony of Petitioner's psychiatrist, Robert M. Toborowsky, M.D., to be more credible than that of O'Hara's treating psychiatrist, Dan Jacobs, D.O. Dr. Toborowsky opined that O'Hara did not suffer from work-related post-traumatic–stress syndrome as diagnosed by Dr. Jacobs but instead that O'Hara suffered from a mild and non-disabling depression. The WCJ rejected the opinions of both psychiatrists that the depression was work-related as he found that the opinions were premised on an assumption that O'Hara continued to suffer from work-related physical symptoms after the time of his full recovery. Also, the WCJ found that O'Hara did not testify regarding his depression or any other psychological condition.

O'Hara appealed to the Board, contending that the WCJ erred in rejecting the medical evidence of both physicians and in requiring him to establish a causal connection between his psychological condition and the work injury. He argued that the burden to prove a lack of causal connection between his work injury and his depression should have been placed on Petitioner. The Board agreed with O'Hara and reversed the WCJ's order granting Petitioner's termination petition. The Board reasoned that because there was no evidence to indicate that O'Hara's psychological condition was not work-related and because O'Hara had fully recovered from the physical injuries and the depression was not disabling, a suspension of benefits was the appropriate remedy. With regard to Petitioner's medical review petition, the Board reversed the WCJ in part, concluding that the evidence demonstrated that O'Hara sustained a work-related psychological injury for which medical expenses were incurred that Petitioner had to pay.[1]

## II

Petitioner maintains that because mental disorders are not the natural and probable consequence of physical injuries, O'Hara had the burden to prove by unequivocal medical evidence that his psychological condition was causally related to the work injury. *Williams v. Workmen's*

---

1. The Court's review of the Board's order is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Murphy v. Workers' Compensation Appeal Board (Mercy Catholic Medical Center)*, 721 A.2d 1167 (Pa.Cmwlth.1998), *appeal denied*, —— Pa. ——, 742 A.2d 678 (1999). The Court has precluded O'Hara from filing a brief in this matter by order of September 9, 1999.

*Compensation Appeal Board (Realty Servs. Co.),* 166 Pa.Cmwlth. 276, 646 A.2d 633 (1994). Petitioner relies upon *Washington Steel Co. v. Workmen's Compensation Appeal Board (Argo),* 167 Pa.Cmwlth. 294, 647 A.2d 996 (1994), and *School District of Philadelphia v. Workmen's Compensation Appeal Board (Coe),* 163 Pa. Cmwlth. 89, 639 A.2d 1306 (1994). In *School District of Philadelphia* a claimant sought to set aside a final receipt that she signed after receiving benefits following a slip and fall; she alleged a recurrence of her physical injury and related psychiatric disability. The Court noted that where new, non-natural and non-probable symptoms develop, the burden is on the claimant to establish the connection. The Court agreed with the employer that where the referee had accepted the medical opinion that the claimant had fully recovered from her orthopedic injury in August 1984, the referee could not logically also accept an opinion that she suffered a psychological injury in January 1986 due to the continuing nature of her physical injury. The claimant first saw a psychiatrist roughly two years after her original injury.

In *Washington Steel Co.* a claimant suffered burns in a furnace explosion. In the proceeding on the employer's modification petition, the referee accepted the treating doctor's testimony that the burns had healed sufficiently so that the claimant could return to work without restriction. In view of that finding, the Court held that, as in *School District of Philadelphia,* the referee could not logically find full recovery and also find that the claimant remained disabled due to a work-related psychological disorder. Petitioner notes that the determination that O'Hara recovered from his physical work injury as of March 21, 1991 is not disputed. Further,

the WCJ found that Dr. Linn H. Carleton, O'Hara's treating physician, did not refer O'Hara for any psychiatric treatment until October 1991, over six months after he was deemed fully recovered from his physical injury. The Court therefore agrees that, under *Washington Steel Co.* and *School District of Philadelphia,* the Board could not logically determine that O'Hara suffered from depression related to his work injury after determining that he had fully recovered from that injury. The fact that O'Hara did not seek psychiatric treatment until more than six months after the date of full recovery lends further support to this conclusion.

■ Petitioner's second argument is that the Board erred in relying on *Battiste v. Workmen's Compensation Appeal Board (Fox Chase Cancer Center),* 660 A.2d 253 (Pa.Cmwlth.1995), as support for placing the burden of proof on Petitioner in its termination proceeding to show a lack of causal connection between O'Hara's psychiatric injury and his physical injury. In *Commercial Credit Claims v. Workers' Compensation Appeal Board (Lancaster),* 556 Pa. 325, 728 A.2d 902, (1999), a case relied upon by Petitioner, the claimant suffered physical injuries in a fall for which he received compensation. In the termination proceedings, the claimant for the first time alleged a psychiatric injury. The Supreme Court held that the claimant bore the burden of proving a causal relationship between the work-related injury and the alleged psychiatric injury for which the employer had not accepted liability.[2]

The Supreme Court reasoned in *Commercial Credit Claims* that under Section 413 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 771 and 772, the modification of

---

2. In reversing the Board and reinstating benefits to the claimant, the Court held in *Battiste* that the employer did not meet its burden on its termination petition to show a lack of causal connection between the alleged psychological injury claimed by the claimant and the physical work-related injury for which benefits were paid. Ostensibly this holding has no viability under *Commercial Credit Claims,* and the Board in the matter *sub judice* thus erred in relying upon it to reverse the WCJ on the issue of O'Hara's entitlement to benefits for a psychological injury.

a notice of compensation payable may not occur until the claimant proves that the original notice was incorrect or that the claimant's condition or status had changed. The court consequently held that the employer's termination petition should have been granted because it established that the injuries for which compensation was paid had been resolved. Thus it is apparent here that the burden may not be placed on Petitioner in its termination proceeding to prove that O'Hara did not suffer from a work-related psychological disability.[3]

■ Finally, Petitioner argues that the Board erred by substituting its own credibility determinations in place of those rendered by the WCJ. It is well settled that the WCJ as the ultimate fact-finder has the authority and power to evaluate and to weigh the evidence, and the WCJ may determine the credibility of witnesses and may accept or reject any testimony in whole or in part. *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board,* 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973). However, whether medical testimony is equivocal is a conclusion of law fully reviewable by this Court. *Continental Baking Co. v. Workmen's Compensation Appeal Board (Hunt),* 688 A.2d 740 (Pa.Cmwlth.1997).

■ The WCJ found and Petitioner argues that Dr. Toborowsky's opinion that O'Hara suffered from an ongoing, mild depression was based on the doctor's acceptance of O'Hara's statements that his physical impairment continued in the form of ongoing pain. The WCJ and the Board found, however, that as of March 21, 1991 O'Hara's physical injuries had resolved. As Petitioner notes, in *Newcomer v. Workmen's Compensation Appeal Board (Ward Trucking Corp.),* 547 Pa. 639, 692 A.2d 1062 (1997), where a physician's opinion as to causation was based upon the history

provided by the claimant and the description was later found to be inaccurate, the doctor's testimony was deemed to be incompetent because the opinion was not supported by the medical record and the facts of the case. Similarly, the opinion of Dr. Toborowsky that ongoing pain was a factor in causing O'Hara to suffer depression was not based upon the facts as they were determined to be, namely, that O'Hara's physical problems had resolved by March 21, 1991. *Deitrich v. Workmen's Compensation Appeal Board (Shamokin Cycle Shop),* 136 Pa.Cmwlth. 557, 584 A.2d 372 (1990).

Because no competent medical evidence was proffered that the WCJ credited to establish that O'Hara suffered a disabling psychological condition causally related to the work-related injury, the Board likewise erred in holding Petitioner liable for payment of any medical expenses incurred in connection with the psychological condition. Thus based upon the foregoing analysis, the Court reverses the Board's order denying Petitioner's termination petition and denying in part Petitioner's medical review petition as to its liability for payment of O'Hara's medical expenses for his psychological condition. The Board's order is affirmed in all other respects.

## *ORDER*

AND NOW, this 3rd day of February, 2000, the order of the Workers' Compensation Appeal Board is reversed in part and affirmed in part consistent with the foregoing opinion.

---

**3.** The Supreme Court indicated that the claimant in *Commercial Credit Claims* was not without recourse inasmuch as he still might file a petition to review in an effort to amend the original notice of compensation payable to include the alleged work-related psychological injury.