**FAMILY COUNSELING CENTER,**
Petitioner,

v.

**WORKERS' COMPENSATION
APPEAL BOARD (PORTER),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted April 5, 2002.

Decided May 17, 2002.

James D. Strader, Pittsburgh, for petitioner.

Daniel K. Bricmont, Pittsburgh, for respondent.

BEFORE: FRIEDMAN, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Family Counseling Center (Employer) petitions for review of the November 6, 2001 order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of the workers' compensation judge (WCJ) to grant the Review Petition filed by Marsha Porter (Claimant) and to dismiss the Suspension and Modification Petitions filed by Employer. We affirm.

Claimant sustained an injury during the course of her employment with Employer on October 21, 1991. Claimant filed a claim petition and returned to work on December 31, 1991. In a decision dated September 4, 1992, the WCJ granted the claim petition, describing the injury as a cervical strain and bulging disc with right-sided radiculopathy. On March 17, 1993, Claimant underwent surgery, with the surgeon performing a discectomy and fusion at the C5–C6 level of Claimant's spine. Claimant filed a reinstatement petition on March 18, 1993, alleging a recurrence of the work injury. In a decision dated September 15, 1995, the WCJ found that the surgery was compensable as treatment for Claimant's October 21, 1991 work-related injury. The WCJ also reinstated Claimant's total disability benefits as of February 8, 1993. (WCJ's Findings of Fact, No. 1; R.R. at 145a–46a.)

Claimant began receiving treatment for depression in 1994. On December 7, 1998, Employer filed Suspension and Modification Petitions, alleging that, as of October 1, 1998, Claimant's regular job was available to her and that Claimant was capable of performing that job. On March 15, 1999, Claimant filed a Review Petition, alleging that her work injury includes a psychiatric component. The parties filed timely and responsive answers to these petitions, and the petitions were consolidated for hearings before the WCJ. (WCJ's Findings of Fact, Nos. 2, 12.)

Claimant testified on her own behalf that her work duties at the time of the injury were clerical in nature and that her injury was caused by long periods of repetitive work at a computer keyboard. Claimant stated that she is unable to return to her pre-injury job because her medications impair her concentration and memory, because she is tired, because she has trouble dealing with people and because she cannot sit and work for prolonged periods of time. Claimant further testified that she has a continual headache, which varies only in its severity, and that she has pain in her neck and upper back at the shoulder. Claimant indicated that light activities such as cutting celery can increase her pain. (WCJ's Findings of Fact, Nos. 4–5.)

Claimant presented the deposition testimony of David J. Helfrich, M.D., who opined that Claimant has cervical spondylosis, chronic myofacial pain and depression, all of them being consistent with her work injury. Dr. Helfrich limited Claimant to part-time sedentary work, feeling that Claimant would have difficulty with extremes of neck movement or maintaining a given neck posture for long periods

of time. Dr. Helfrich stated that Claimant would not be able to do part-time work at a computer on a regular basis. (WCJ's Findings of Fact, No. 8.)

Claimant also presented the deposition testimony of Kiran Deoras, M.D., a psychiatrist who began treating Claimant on December 3, 1997. Dr. Deoras testified that Claimant suffers from a major depression illness that is in partial remission and that Claimant's work injury is a factor in her depression. Dr. Deoras recognized that other events in Claimant's life were possible factors in her depression, such as the death of Claimant's parents, the death of a brother, concerns about the estate of her father, concerns about her son and a marital problem. However, Dr. Deoras opined that Claimant's chronic pain, which followed her injury, and her resulting disability are a substantial cause of her depression. Dr. Deoras also opined that Claimant could not work in any capacity because of her depression. (WCJ's Findings of Fact, Nos. 12–13.)

Employer presented the testimony of its executive director, David Shaeffer, Ph.D. Dr. Shaeffer testified that Claimant's pre-injury job was that of a fiscal assistant. Her work duties were clerical; they were performed for the most part at a desk; and the bulk of the work was done at a computer. By letter dated September 17, 1998, Dr. Shaeffer offered Claimant this job as a full-time position, with hours from 8:30 a.m. to 4:30 p.m. five days each week beginning on October 1, 1998.[1] During his June 11, 1999 deposition, Dr. Shaeffer offered Claimant this job on a part-time basis, for as little as an hour per day and less than five days per week. Claimant did not accept any of Employer's offers, alleging that she is unable to do full-time

or part-time work because of her injury. (WCJ's Findings of Fact, Nos. 9–10.)

Employer also presented the deposition testimony of D. Kelly Agnew, M.D., who examined Claimant on August 19, 1998. Dr. Agnew stated that there is no significant objective medical evidence to support Claimant's complaints. There are no spasms, no trigger points, and no strength or sensation abnormalities. Claimant's cervical range of motion is reduced, but it is functional. Dr. Agnew stated that he would limit Claimant's activities because of her complaints, but Dr. Agnew stated that Claimant could perform the pre-injury job described by Dr. Shaeffer. (WCJ's Findings of Fact, Nos. 6, 8.)

Finally, Employer presented the deposition testimony of L. Alan Wright, M.D., a psychiatrist who agreed with Dr. Deoras that Claimant has a major depression illness that is in partial remission and that Claimant's work injury is a factor in her depression. However, Dr. Wright disagreed with Dr. Deoras that Claimant's work injury is a significant factor in her depression. Dr. Wright also disagreed that Claimant was not employable, believing that Claimant should at least attempt to return to work for Employer. (WCJ's Findings of Fact, Nos. 12–13.)

After considering the evidence, the WCJ accepted the expert opinion of Dr. Agnew that Claimant had recovered from her *physical* injury as of August 19, 1998 to the point where she is able to perform her pre-injury job duties on a full-time basis. However, the WCJ also accepted the expert opinion of Dr. Deoras that Claimant is totally disabled by a *psychiatric* injury and that Claimant's work injury is a substantial contributing cause of the psychiatric injury. Thus, the WCJ granted Claimant's Review Petition, modifying the de-

---

1. Although the WCJ found that the job was to begin on October 1, *1999,* the record indicates

that the job was to begin on October 1, *1998.* (R.R. at 139a.)

scription of Claimant's work injury to include a psychiatric injury, and dismissed Employer's Suspension and Modification Petitions. Employer filed an appeal with the WCAB, which affirmed the WCJ's decision. Employer now petitions this court for review.[2]

Employer argues that the WCJ improperly and illogically concluded that Claimant remains disabled as a result of a psychiatric disability after concluding that she recovered from her physical injury to the point where she could perform her pre-injury job duties.

Employer bases its argument on the holdings in *Thomas Jefferson University Hospital v. Workers' Compensation Appeal Board (O'Hara)*, 745 A.2d 709 (Pa. Cmwlth.2000), *Washington Steel Company v. Workmen's Compensation Appeal Board (Argo)*, 167 Pa.Cmwlth.294, 647 A.2d 996 (1994), *appeal denied*, 540 Pa. 590, 655 A.2d 519 (1995), and *School District of Philadelphia v. Workmen's Compensation Appeal Board (Coe)*, 163 Pa. Cmwlth.89, 639 A.2d 1306 (1994). In those cases, this court held that it was illogical for the WCJ to determine that the claimant suffered from depression related to a physical injury after determining that the claimant had fully recovered from that physical injury. *Id.* However, the determining factor in each of those cases was the fact that the claimant's recovery from the physical injury *preceded* the claimant's initial treatment for a psychiatric injury. *Id.* That is not the case here.

In this case, Claimant began receiving treatment for depression in 1994, long before she recovered from the physical work injury in August 1998. Moreover, both psychiatrists testified here that Claimant's

physical work injury was a factor in causing Claimant's depression. It is true that the two psychiatrists disagreed as to whether Claimant's physical injury was a substantial contributing cause of Claimant's depression, but, on that issue, the WCJ accepted the expert opinion of Dr. Deoras. It is axiomatic that, as the fact finder, the WCJ has exclusive province over the credibility of witnesses and may accept or reject the testimony of any witness, including medical witnesses, in whole or in part. *Collier v. Workers' Compensation Appeal Board (Taylor Hospital)*, 719 A.2d 820 (Pa.Cmwlth.1998).

Accordingly, we affirm.

### ORDER

AND NOW, this 17th day of May, 2002, the order of the Workers' Compensation Appeal Board, dated November 6, 2001, is hereby affirmed.

---

2. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.