619 A.2d 411

**James LOWE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LOWE'S AUTO SALES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 23, 1992.

Decided Dec. 31, 1992.

452

Deborah L. Packer, for petitioner.

Daniel K. Deardorff, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

SMITH, Judge.

James Lowe (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's decision to award total disability benefits to Claimant. The issue raised for review is whether the Board erred by rejecting the referee's conclusion that Claimant's mental injury was caused by abnormal working conditions and is therefore compensable pursuant to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

The following facts as found by the referee are not in dispute. Claimant was president, general manager, and sole stockholder of Lowe's Auto Sales, Inc. (Employer), a used car sales and automotive repair business. Claimant started the business in 1985 with a loan he and his wife obtained from First National Bank of Newport (Bank). The business did well from 1985 through 1988. Early in 1989, Claimant bor-

rowed approximately $125,000 from the Bank for a loan consolidation, part of which was to cover the mortgage on his personal residence.

In June 1989, Claimant's business began to decline due to a slump in sales and an increase in accounts receivable. By November 1989, the business was experiencing serious financial problems and Claimant found it difficult to keep up with business expenses. During this period, Claimant was forced to fire an employee who was stealing from the business, and also during 1989, Claimant and his wife separated and ultimately divorced in September 1989. Claimant became withdrawn, began to drink to excess, and would not go to work. Claimant was diagnosed by his family doctor as suffering from depression and was eventually hospitalized under the care of Ali Ahmed, M.D., first in alcohol detoxification and later in the mental health ward. In July 1990, Claimant returned to work as a used car sales manager for another automobile sales business but could not cope with the responsibility and later returned to work at yet another automobile sales business.

Claimant filed a claim petition in October 1990 alleging a work-related injury due to depression. At a hearing before the referee, Claimant testified along with Rodney Bower, an official with the Bank. Claimant also presented the September 5, 1990 report of Dr. Ahmed which states in its entirety: "[Claimant] was not in any position to take stress untill [sic] sometime at the end of January. Mr. Lowe suffered from *MAJOR DEPRESSION SINGLE EPISODE.* The stress of his work at Lowe's Auto Sale [sic] Inc. was the main cause of his condition." (Emphasis in original.) In addition, it was stipulated that Claimant's ex-wife, Veronica Lowe, corroborated Claimant's testimony.

Employer submitted the April 27, 1990 report of social worker Cynthia A. Howard who, upon interviewing Claimant, reported that he stated he was in the hospital due to "the frustration of the business," and that "[Claimant] feels that he was much happier when he was married and concluded that if he was still married he probably would not be in the current situation he is at present in reference to his small business."

Claimant could not recall making these statements but indicated that he may have done so. Employer also presented the March 22, 1991 report of psychiatrist Joseph O. Strite, M.D., which concluded that Claimant's depression was due to a combination of factors including his marital problem, an increase of alcohol abuse, and subsequent ownership difficulties with the business.

In his findings of fact, the referee noted, inter alia, that Claimant suffered serious financial problems, found it hard to keep up with expenses, and owed a significant amount in loans; that Claimant was not happy living alone after the breakup of his marriage which came about after his wife discovered that he was having an extramarital affair; that Claimant had undertaken to expand the business and acquired new debt; that the failure of the business and the stress of Claimant's financial situation triggered his major depression; and that Claimant had significant stresses personal in nature. The referee concluded that the financial pressure of loans and the firing of an employee for theft constituted abnormal working conditions which resulted in a compensable psychological disability.

On appeal, the Board noted that where a claimant is both owner of a business as well as an employee of the business, it is essential that he or she present sufficient evidence to establish that a mental disability was due to the employment relationship and not due to the ownership interest in the business: in this case, the testimony of Claimant and his banker clearly indicated that the business' financial problems were the principal factor causing stress to Claimant. The Board stated: "At no point in Claimant's testimony was there any specific and precise evidence that his problems were faced by him in his capacity as an employee rather than in his capacity as the owner of the business." Board Opinion, p. 12. The Board concluded that under these circumstances, Claimant's psychological injury was caused by his subjective reaction to normal working conditions, which is not compensable.[1]

1. This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an

A work-related mental illness can be compensable under Section 301(c) of the Act, 77 P.S. § 411(1), and, as with any other worker's compensation case, the claimant has the burden to show that his or her illness is work-related. *Calabris v. Workmen's Compensation Appeal Board (American General Co's.)*, 141 Pa.Commonwealth Ct. 405, 595 A.2d 765 (1991). The degree of proof demanded of a claimant in such cases is high. *Andracki v. Workmen's Compensation Appeal Board (Allied Eastern States Maintenance)*, 96 Pa.Commonwealth Ct. 613, 508 A.2d 624 (1986). A claimant's burden of proof to recover worker's compensation benefits for a psychiatric injury is two-fold: the claimant must prove by objective evidence that he or she has suffered a psychiatric injury, and that such injury is other than a subjective reaction to normal working conditions. *Martin v. Ketchum, Inc.*, 523 Pa. 509, 568 A.2d 159 (1990); *Calabris*. The objective test for determining whether a psychiatric injury is compensable, when there is no physical injury as precursor to the mental injury, is that the claimant must prove either (1) that actual extraordinary events occurred at work which caused the trauma and that these specific events can be pinpointed in time, or (2) that abnormal working conditions over a longer period of time caused a psychiatric injury. *Driscoll v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 134 Pa.Commonwealth Ct. 206, 578 A.2d 596 (1990); *also see Lukens Steel Co. v. Workmen's Compensation Appeal Board (Price)*, 149 Pa.Commonwealth Ct. 177, 612 A.2d 638 (1992).

Claimant argues that the Board impermissibly usurped the role of the factfinder in issuing its own finding that Claimant's condition was a subjective reaction to normal working conditions. The abnormal working conditions test is a deduction from other facts and is purely the result of legal reasoning: therefore, this Court may judge the correctness of the decision below and draw its own conclusions upon appel-

error of law was committed, or whether there was a violation of constitutional rights. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

late review.[2]   *City of Scranton v. Workmen's Compensation Appeal Board (Hart)*, 136 Pa.Commonwealth Ct. 483, 583 A.2d 852 (1990), *appeal denied,* 528 Pa. 625, 597 A.2d 1154 (1991). Since the facts as found by the referee are not in dispute, this Court must determine whether those facts are legally sufficient to support a conclusion that Claimant's working conditions were abnormal.

▪▪▪   As stated by the Board in its opinion, automobile sales agencies typically experience periods of low sales and insufficient cash flow.   Since this is relatively "normal" in such businesses, it cannot be considered abnormal working conditions for the sales manager of such a business.   Pennsylvania case law recognizes that emotional situations should be viewed in the context of the work involved, and this Court must look for evidence that a claimant's conditions were "abnormal" for the kind of job that he or she performed.   *Squilla v. Workmen's Compensation Appeal Board (Marple Township)*, 146 Pa.Commonwealth Ct. 23, 606 A.2d 539 (1991).   Furthermore, the referee's reliance on Claimant's having to fire an employee as a basis for finding abnormal working conditions is misplaced because dismissal of a subordinate would not constitute an abnormal working condition in the type of business at hand. Indeed, in *Calabris*, this Court held that a claimant required to dismiss a subordinate and was thereafter audited was not subjected to abnormal working conditions.

▪▪▪   The pivotal issue, however, is whether Claimant has established the required causal relationship between his employment and his mental injury.   *Waldo v. Workmen's Compensation Appeal Board (Erie Metropolitan Transit Auth.)*, 136 Pa.Commonwealth Ct. 264, 582 A.2d 1147 (1990).   To be work related, a mental injury must stem from the claimant's functioning as an employee, not from circumstances which the

2.   It should also be noted that the Board may, without taking additional evidence, delete a referee's finding of fact when the finding is in the nature of a legal conclusion and is directly contradicted by other findings and at odds with the record. *Pate v. Workmen's Compensation Appeal Board (Boeing Vertol Co.)*, 104 Pa.Commonwealth Ct. 481, 522 A.2d 166, *appeal denied,* 517 Pa. 611, 536 A.2d 1335 (1987), *cert. denied,* 484 U.S. 1064, 108 S.Ct. 1025, 98 L.Ed.2d 989 (1988).

claimant encounters in another capacity. *McCoy v. Workmen's Compensation Appeal Board (McCoy Catering Services Inc.)*, 102 Pa.Commonwealth Ct. 436, 518 A.2d 883 (1986), *appeal denied*, 517 Pa. 595, 535 A.2d 84 (1987); *Klein v. Workmen's Compensation Appeal Board (Plaza Home Center, Inc.)*, 91 Pa.Commonwealth Ct. 247, 496 A.2d 1346 (1985). This Court in *Klein* held that mental illness is not compensable when the claimant did not establish that the illness resulted from the employment relationship, but rather from the claimant's ownership interest in the business and loss of his investment, time, and personal esteem.

A review of the referee's findings and his repeated references to Claimant's individual debt and personal stresses demonstrates that Claimant's mental injury was a result of his functioning as an owner. This conclusion is buttressed by Claimant's testimony that his main concern was the financial problems of the business. Similarly, Bower's statements regarding Claimant's transactions with the Bank reveal that he was dealing with Claimant both as owner of the business and in a personal capacity, rather than in Claimant's capacity as employee. It is also apparent that Claimant's marital problems contributed to his depression.

Claimant further failed to meet his burden of proof because no specific testimony or other evidence was offered to show that he was injured in his capacity as employee. Claimant cannot rely solely upon his own account but must produce objective evidence which is corroborative of his subjective description of the working conditions alleged to have caused the psychiatric injury. *Russella v. Workmen's Compensation Appeal Board (National Foam Systems, Inc.)*, 91 Pa.Commonwealth Ct. 471, 497 A.2d 290 (1985), *appeal denied*, 516 Pa. 637, 533 A.2d 95 (1987). Dr. Ahmed's brief medical report, simply stating that Claimant's work was the main cause of his condition, does not address the issue of employment versus ownership and does not adequately pinpoint the cause of Claimant's mental disability. *See Andracki; Evans v. Workmen's Compensation Appeal Board (Anchor Hocking Corp.)*, 87 Pa.Commonwealth Ct. 436, 487 A.2d 477

(1985). Therefore, the medical report does not provide the foundation nor corroboration necessary for a finding of work-relatedness of Claimant's mental disability. The Board's order is therefore affirmed.

## ORDER

AND NOW, this 31st day of December, 1992, the order of the Workmen's Compensation Appeal Board dated June 8, 1992 is affirmed.