642 A.2d 579

**Stanley A. PARSON, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SPRINGETTSBURY TOWNSHIP), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1993.

Decided May 18, 1994.

166

James A. Nettleton, Jr., for petitioner.

Daniel J. Gallagher, for respondent.

Before COLINS and KELLEY, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

Stanley A. Parson (Parson) petitions for review of a May 3, 1993 order of the Workmen's Compensation Appeal Board (Board), which affirmed the referee's order dismissing Parson's claim petition, thereby denying Parson workmen's compensation benefits.

Parson was employed as a police officer by Springettsbury Township (Township), when, on May 15, 1988, he was involved in an incident with a barricaded gunman which lasted eight hours. Parson was not injured during the incident, but two other police officers were. During the incident, Parson assumed control of the situation until the special emergency response team of the Pennsylvania State Police arrived.

From August 10, 1988 until November 9, 1988, Parson was excused from work for medical reasons. He first consulted a psychologist, John Stevens (Stevens), on August 9, 1988, at

which time Stevens diagnosed Parson with post-traumatic stress disorder, and at which time Stevens excused Parson from work for medical reasons. Immediately prior, on August 8, 1988, the Springettsbury Township Police Department (Department) announced promotions to the rank of corporal. Parson, who had applied for such a promotion, did not receive one. When Parson returned to work on November 9, 1988, he performed desk work for approximately one week, after which he was assigned to work the night shift on patrol with his former partner. He called in sick for that first night and resigned the next day. During the time that Parson was excused from police work for medical reasons, he worked in a uniform shop that he co-owns, and he has worked there full-time since resigning from the Department.

The referee found that the testimony of Parson and of his two experts was unpersuasive and not credible. In Finding of Fact No. 4, the referee found that Parson stopped work on August 10, 1988 because he was not promoted to corporal and that he resigned in November of that year because he decided to work full-time in his uniform shop. The referee summarized Stevens' testimony in Findings of Fact Nos. 6–8, finding that police officers are trained to handle occurrences like the incident, that Stevens testified that Parson exhibited depression and anxiety before the incident, and that Parson was predisposed to post-traumatic stress disorder. Parson also presented the testimony of psychologist John P. Fraunces (Fraunces) to rebut the testimony of the Township's expert. The referee found that the testimony of Fraunces also rebutted the testimony of Stevens, Parson's other expert.

The referee found that the testimony of the Department's chief and of the Township's expert was persuasive and credible. The referee found that Mary Louise Marley, the Township's psychologist (Marley), testified "that the incident which forms the basis of this claim is not outside the realm of a normal experience for a police officer, and it is the sort of incident for which a police officer is trained. His preexisting anxiety and depression made him more susceptible to psychological difficulties." (Finding of Fact No. 10) The referee

also found that the Department's chief testified that Parson was trained to deal with the type of incident that occurred on May 15, 1988 and had attended a "barricaded gunmen" seminar. Additionally, the referee found that the chief testified that at no time after the incident but prior to his leave for medical reasons, did Parson indicate that he was experiencing any problems because of the incident. (Finding of Fact No. 12)

The referee concluded that Parson did not meet his burden of proving that the May 15, 1988 incident constituted an abnormal working condition and, therefore, dismissed his claim petition. The Board affirmed the referee, also concluding that Parson had not met his burden of proving a compensable injury.

Parson has presented one issue for this Court's review, which is whether the Board erred in concluding that the incident was not an abnormal working condition. This Court's "scope of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed and whether the necessary findings are supported by substantial evidence." *Bugay v. Workmen's Compensation Appeal Board (Mellon Bank, N.A.)*, 156 Pa.Commonwealth Ct. 565, 569, 628 A.2d 519, 521 (1993).

Parson's burden of proof is "twofold; he must prove by objective evidence that he has suffered a psychiatric injury and he must prove that such injury is other than a subjective reaction to normal working conditions." *Martin v. Ketchum, Inc.*, 523 Pa. 509, 519, 568 A.2d 159, 164–65 (1990) (quoting *Russella v. Workmen's Compensation Appeal Board (National Foam Systems, Inc.)*, 91 Pa.Commonwealth Ct. 471, 476, 497 A.2d 290, 292 (1985), *petition for allowance of appeal denied*, 516 Pa. 637, 533 A.2d 95 (1987)). This Court has adopted the following test for determining whether a psychiatric injury is compensable.

[W]hen there is no physical injury as precursor to the mental injury, ... the claimant must prove either (1) that actual extraordinary events occurred at work which caused

the trauma and that these specific events can be pinpointed in time, or (2) that abnormal working conditions over a longer period of time caused a psychiatric injury.

*Lowe v. Workmen's Compensation Appeal Board (Lowe's Auto Sales, Inc.)*, 152 Pa.Commonwealth Ct. 450, 456, 619 A.2d 411, 414 (1992).

Parson argues that the incident is, as a matter of law, an abnormal working condition, because "[t]here is no amount to [sic] training which can be provided to an individual to enable him to cope with the aftermath of an eight hour siege with an armed gunman." He reviews the testimony in detail and basically argues that the referee incorrectly determined the credibility of the witnesses. "Determinations as to weight and credibility of conflicting testimony in a workman's compensation case are the province of the referee; the referee may accept or reject testimony of any witness, including medical witnesses, in whole or in part." *Garnett v. Workmen's Compensation Appeal Board (Equitable Gas Company)*, 158 Pa.Commonwealth Ct. 100, 105, 631 A.2d 705, 707 (1993). We have reviewed the record, and we conclude that the referee's findings are supported by substantial evidence, which is "evidence a reasonable person might find sufficient to support the referee's finding[s]." *Vitelli v. Workmen's Compensation Appeal Board (St. Johnsbury Trucking Co.)*, 157 Pa.Commonwealth Ct. 589, 595, 630 A.2d 923, 926 (1993). The question of whether specific working conditions amount to abnormal working conditions is a mixed question of law and fact. *City of Scranton v. Workmen's Compensation Appeal Board (Hart)*, 136 Pa.Commonwealth Ct. 483, 583 A.2d 852 (1990), *petition for allowance of appeal denied*, 528 Pa. 625, 597 A.2d 1154 (1991). Based on our review of the record, we conclude that the referee committed no errors of law and that she properly concluded that Parson failed to meet his burden of proving that the May 15, 1988 incident amounted to an abnormal working condition.

Accordingly, the May 3, 1993 order of the Workmen's Compensation Appeal Board is affirmed.

## *ORDER*

**AND NOW,** this 18th day of May, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.