Stuart SELKOW, Petitioner,

v.

WORKMEN'S COMPENSATION AP-
PEAL BOARD (ANCHOR DAVIS–JAY
BOX COMPANY), Respondent.

Commonwealth Court of Pennsylvania.

Argued May 11, 1995.
Decided July 17, 1995.

Lewis Kates, for petitioner.

David Thomas Latoff, for respondent.

Before COLINS, President Judge, SMITH, Judge and SILVESTRI, Senior Judges.

SMITH, Judge.

Stuart Selkow (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed the referee's decision denying him benefits pursuant to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1—1031. Claimant presents two related issues that can be concisely stated as whether an employee is entitled to workers' compensation benefits where the employee suffered from a pre-existing psychological impairment that was known to the employer, was hired by the employer to perform duties that were accommodated to the impairment, and thereafter was subjected to a material change in duties that the employer knew would, and which did, result in the employee's disability.

## I.

Claimant worked for Anchor Davis–Jay Box Company (Employer) since 1986 as a corrugated box salesperson. Claimant filed a claim petition alleging that on April 10, 1990, he suffered an injury at his home which led to a nervous breakdown after he received a telephone call from Employer describing changes in his working conditions. Before the referee, Claimant testified that he suffered from physical and mental problems throughout his life but did not seek treatment for his mental problems until 1985, and that the owners of Employer had known his family for a long time and were aware that Claimant was undergoing psychiatric treatment.

Claimant also testified that previously he received a salary of $750 per week for taking customer orders over the telephone and then calling in the orders to Employer's office. He never person.lly called on customers and visited Employer's office only once or twice each year. Claimant testified that during a telephone call from Employer in April 1990, Employer informed Claimant of the following changes in the conditions of his employment: he must personally visit customers for orders and report to Employer's place of business twice daily; he could not retain his established customer accounts and was required to obtain new accounts; and his pay would be reduced to $350 per week plus three percent commission and expenses. Claimant testified that as a result of this telephone call he panicked, his depression and anxiety worsened, his blood pressure became high, he felt a burning sensation in his esophagus, and he was unable to use the telephone or return to work.

Claimant presented the deposition testimony of Roy Steinhouse, M.D., a psychiatrist, who had treated Claimant since 1985 for "situational adjustment reaction with depression anxiety features secondary to his medical problems and life events at the time."

Deposition of Dr. Steinhouse, p. 10. Dr. Steinhouse opined that Claimant's underlying condition was aggravated as a result of Employer's telephone call and Claimant's reaction was "expected and quite normal ... [for] somebody who already was depressed from very real things." *Id.* at 19. Claimant also presented the deposition testimony of Carl Berger, M.D., a psychiatrist, who opined that Claimant suffered from a chronic dysthymic disturbance depression and from acute adjustment disorder; his condition drastically worsened as a result of Employer's telephone call; and Claimant's reaction to the telephone call was a normal objective response for someone in Claimant's condition. Both doctors opined that Claimant could not return to work.

Employer presented the deposition testimony of Wolfram Rieger, M.D., a board certified psychiatrist, who opined that Claimant had for many years suffered from dysthymia and from a schizoid personality with marked dependent personality traits; Claimant has always led a "marginal, withdrawn, practically asocial existence"; Claimant's condition was not "caused, exacerbated, [ac]celerated, [or] aggravated" by Employer's telephone call; and Claimant's reaction to these changes was not normal, but was "highly idiosyncratic" and "very subjective." Deposition of Dr. Rieger, pp. 32, 34–35. Dr. Rieger further opined that the real reason for Claimant's distress was the recent suicide of his younger brother, which occurred a few months after the telephone call in question.

The referee found that Claimant had a long-standing history of psychiatric disorders prior to the alleged date of loss for which he had received psychiatric treatment, and that several factors contributed to Claimant's pre-existing psychiatric condition. Namely, Claimant's parents were ill and died within several months of each other in 1986; Claimant's older brother, who suffered from cerebral palsy and had been hospitalized in psychiatric institutions, committed suicide; Claimant's younger brother, who sustained brain damage as the result of a motor vehicle accident, committed suicide in 1990; Claimant was the sole financial and emotional support for the family; and Claimant suffered from various medical problems.

The referee found Dr. Rieger's testimony credible, Claimant's working conditions were normal, and his reaction to those working conditions was subjective. The referee rejected the opinions of Drs. Steinhouse and Berger to the extent that they were inconsistent with those of Dr. Rieger. The referee concluded that Claimant failed to meet his burden to prove that his injury was other than a subjective reaction to normal working conditions and dismissed his petition. The Board affirmed the referee's decision.

II.

Claimant argues that the referee and Board erred in determining that he failed to meet his burden of proof and that they capriciously disregarded his uncontroverted evidence. Claimant contends that he testified about his reaction to the changes in his work duties; he presented objective, corroborating evidence through the testimony of Drs. Steinhouse and Berger; and Employer failed to offer any contradictory evidence. Claimant also contends that the material changes in his duties reflect abnormal conditions and the Board erred by failing to review the present case in accordance with the decisions rendered by this Court.

█ This Court's scope of review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). The capricious disregard scope of review applies only when the party with the burden of proof is the only party to present evidence, but that party does not prevail before the referee. *Id.* Because both parties in the present case presented evidence, the substantial evidence scope of review applies.

█ It is well settled that determinations regarding the weight and credibility of conflicting testimony in a workers' compensation case are the province of the referee; the

referee may accept or reject testimony of any witness, including medical witnesses, in whole or in part. *Parson v. Workmen's Compensation Appeal Board (Springettsbury Township),* 164 Pa.Commonwealth Ct. 165, 642 A.2d 579 (1994). Claimant's contentions regarding the referee's inability to disregard undisputed and uncontradicted testimony of unimpeached persons is *not founded* in workers' compensation law. It is within the referee's discretion to assess the credibility of witnesses; moreover, this Court cannot overturn the referee's factual findings if supported by substantial evidence.

▬▬ In a claim petition, the claimant has the burden to establish a right to compensation and to prove all necessary elements to support an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy),* 535 Pa. 135, 634 A.2d 592 (1993). Pennsylvania has adopted an objective test for determining whether a psychic injury is compensable. *Guaracino v. Workmen's Compensation Appeal Board (Philadelphia Newspapers, Inc.),* —— Pa.Commonwealth Ct. ——, 652 A.2d 425 (1994).[1] The degree of proof demanded of a claimant in mental/mental cases is high. *North Huntingdon Township v. Workmen's Compensation Appeal Board (Noble),* 165 Pa.Commonwealth Ct. 33, 644 A.2d 227, *appeal denied,* 539 Pa. 659, 651 A.2d 545 (1994). In mental/mental cases a claimant must prove by objective evidence that he or she suffered a psychiatric injury, and that the injury is one other than a subjective reaction to normal working conditions. *Martin v. Ketchum, Inc.,* 523 Pa. 509, 568 A.2d 159 (1990). Where the causal connection between the injury and the employment is not obvious, causation must be established by unequivocal medical evidence. *Romanies v. Workmen's Compensation Appeal Board (Borough of Leesport),* 537 Pa. 440, 644 A.2d 1164 (1994).

This Court held in *Birenbaum v. Workmen's Compensation Appeal Board (English Greenhouse Products Corp.),* 159 Pa.Commonwealth Ct. 179, 187, 632 A.2d 1037, 1041 (1993), *appeal denied,* 537 Pa. 666, 644 A.2d 1203 (1994), that "[b]ecause of the highly subjective nature of psychiatric injuries, the cause of the injury must be specifically identified, especially where an employee has an existing character disorder which makes [the employee] excessively vulnerable to stress and psychological difficulties." Benefits have been denied to claimants with pre-existing mental disorders where the employment was only one of several factors that led to the mental injury.

In *Kelly v. Workmen's Compensation Appeal Board (P.P.G. Indus., Inc.),* 159 Pa.Commonwealth Ct. 190, 632 A.2d 1042 (1993), *appeal denied,* 537 Pa. 654, 644 A.2d 739 (1994), this Court upheld the denial of benefits on the basis that the decedent/claimant's pre-existing depressive disorder could not be attributed directly to his new job responsibilities. There was substantial evidence in the record to support the referee's finding that the disorder was long-standing, an inherent aspect of his personality, and observable years before the conditions of his employment changed. In *Romanies,* the Supreme Court held that a police chief/claimant was not entitled to benefits where the claimant received telephone calls at home from the mayor during which the mayor yelled at the claimant and changed the terms of his employment. The Court held that the causal connection between the psychiatric injury and the telephone calls was not obvious from the record; the calls were only one of many factors that caused the claimant's stress; and the referee did not find that the calls were an abnormal working condition or the sole cause of the injury.

▬▬ In the case sub judice, the referee acted within his discretion in finding Dr.

---

1. This Court has recognized three types of workers' compensation claims that contain a psychological component to causation: (1) mental/physical—where a psychological stimulus causes physical injury; (2) physical/mental—where a physical stimulus causes a psychic injury; and (3) mental/mental—where a psychological stimulus causes a psychic injury. *Whiteside v. Work-*

*men's Compensation Appeal Board (Unisys Corp.),* 168 Pa.Commonwealth Ct. 488, 650 A.2d 1202 (1994). These categories require different standards of proof. *Washington Steel Co. v. Workmen's Compensation Appeal Board (Argo),* 167 Pa.Commonwealth Ct. 294, 647 A.2d 996 (1994), *appeal denied,* —— Pa. ——, 655 A.2d 519 (1995).

Rieger's testimony credible. There is substantial evidence in Dr. Rieger's testimony to support the referee's findings that Claimant had a long-standing history of psychiatric disorders prior to Employer's telephone call and that several factors, primarily related to Claimant's family, contributed to Claimant's psychiatric condition. Whether Employer had knowledge of Claimant's pre-existing mental impairment or assigned Claimant duties which accommodated that impairment is irrelevant in this claim petition; the appropriate question is whether a claimant's mental injury was casually related to his or her employment. In the present case, Claimant failed to establish a causal connection between his psychiatric injury and his employment and therefore did not meet his burden in the first prong of the *Martin* test. Since Claimant failed to prove all necessary elements to support an award, he is not entitled to benefits. *Inglis House.*

 As a result, the second prong of the *Martin* test regarding normal/abnormal working conditions need not be addressed.[2] *See Boring v. Workmen's Compensation Appeal Board (Combustion Eng'g, Inc.),* 157 Pa.Commonwealth Ct. 277, 629 A.2d 287 (1993) (this Court declined to address whether the claimant's working conditions were abnormal where claimant failed to prove causal relationship between mental illness and employment by unequivocal medical testimony). This Court notes, however, that Claimant's contention that the focus should be on what is abnormal for "someone in Claimant's condition," not what is abnormal for an average salesperson, is highly unpersuasive. Claimant's logic is based upon the dissent in *Martin* and also ignores well-settled law that an objective, not subjective, standard is to be used in mental injury cases. *See Guaracino.* Accordingly, the order of the Board is affirmed.

2. Regarding the second prong of the *Martin* test, a claimant must demonstrate that "1) actual (not merely perceived or imagined), *extraordinary events*, which can be pinpointed in time, occurred at work and caused the trauma, or 2) abnormal working conditions over a longer period of time, which make work performance unusually stressful for that type of job, caused the psychic injury." *Morris v. Workmen's Compensa-*

*ORDER*

AND NOW, this 17th day of July, 1995 the order of the Workmen's Compensation Appeal Board is affirmed.

*tion Appeal Board (Sch. Dist. of Philadelphia),* 167 Pa.Commonwealth Ct. 171, 178, 647 A.2d 669, 672 (1994) (emphasis in original). Whether working conditions are abnormal is a mixed question of law and fact subject to this Court's review. *Pennsylvania Human Relations Commission v. Workmen's Compensation Appeal Board (Blecker),* —— Pa.Commonwealth Ct. ——, 655 A.2d 1055 (1994).