**PITTSBURGH BOARD OF EDUCATION, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SCHULZ), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 12, 2003.

Decided Jan. 16, 2004.

Gregory J. Fischer, Pittsburgh, for Petitioner.

Michael D. Sherman, Pittsburgh, for Respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge, FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

The Pittsburgh Board of Education (Employer) petitions for review of an order of the Workers' Compensation Appeal Board that affirmed a decision of a Workers' Compensation Judge (WCJ) granting the claim petition filed by Paul Schulz (Claimant), who sought benefits for a psychological injury he alleged to have received as a result of being hit on the side of his head with a heavy object while performing his duties as a teacher. Employer, in addition to challenging the grant of

benefits, also asserts that the Board erred in granting Employer a credit reflecting only Employer's contribution to Claimant's State Employee's Retirement System (PSERS) disability pension fund, rather than the contributions made by Employer **and** the Commonwealth to the fund.

The issues Employer raises here are (1) whether the WCJ and Board erred by failing to require Claimant to offer evidence of abnormal working conditions; Employer argues that such evidence was necessary because Claimant's injury, Employer alleges, was not actually the result of a physical stimulus Claimant received during class; (2) whether the Board erred in concluding that the opinion of one of Claimant's medical experts was not incompetent; (3) whether this Court's recent decision in *Cantarella v. Department of Corrections/SCI at Waymart,* 835 A.2d 870 (Pa.Cmwlth.2003), regarding a claimant's burden of proof when alleging a mental injury, warrants reversal of the Board's grant of benefits;[1] and (4) whether the Board erred in concluding that the Commonwealth's contributions to Claimant's PSERS disability fund should not be included for purposes of off-set calculations, because the Commonwealth is also an Employer under Section 204(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71.

Employer's first argument essentially asks the Court to reweigh the evidence, asserting that the evidence indicates that a number of stressful events leading up to his mental injury were the actual cause of Claimant's mental injury. However, the WCJ's factual findings, that Claimant's injury did not arise until after he was hit on the head, and her credibility determinations, accepting the medical opinions of Claimant's experts, who opined that his post-traumatic stress syndrome arose as a direct result of the classroom incident, are supported by substantial evidence, and we may not disturb them.

■ Employer also argues that the opinion of one of Claimant's experts, Charles T. Rumble, M.D., is based upon incorrect assumptions and an inaccurate history, and therefore, is incompetent. Claimant asserts that Employer waived this issue by failing to raise it before the Board. We note that Employer, in its appeal to the Board, did assert generally that there was no competent evidence to support the WCJ's decision. However, a review of Employer's Petition for Review to this Court nowhere challenges the medical evidence as incompetent. Accordingly, with regard to this issue, we agree with Claimant. Moreover, Dr. Rumble's testimony as a whole supports the WCJ's finding. The only inaccuracy noted by Employer concerned Dr. Rumble's belief that Claimant discovered a colleague who had just been attacked by a person with a sledgehammer. In fact, Claimant was not the person who found Claimant's injured colleague. However, because Dr. Rumble's opinion did not rest on this false assumption, we cannot agree that his testimony is incompetent. *Deitrich v. Workmen's Compensation Appeal Board (Shamokin Cycle Shop),* 136 Pa.Cmwlth. 557, 584 A.2d 372 (1990). Because Dr. Rumple based his opinion on various other factors, we conclude his testimony is competent.

■ We now address the question of legal burden in this case. Claimant asserts that our recent decision in *Cantarella* controls the result in this case. In that

---

1. Employer raised this issue in its reply brief, noting that the Court filed *Cantarella* after Employer filed its brief in chief.

case, a food services worker at a state correctional facility claimed that she suffered from post-traumatic stress syndrome after an inmate rubbed her buttocks. *Cantarella* demonstrates how fact-sensitive mental injury cases are. The Court there recognized the standard that is applicable in mental injury cases where no physical injury is a precursor to the mental injury [2]—a claimant seeking benefits for a mental injury must not only show that his injury is not simply a subjective reaction to normal working conditions; this burden can be met by establishing "**either** (1) that actual extraordinary events occurred at work, which can be pinpointed in time, causing the trama experienced by him; **or** (2) that abnormal working conditions over a longer period of time caused the mental injury." *US Airways v. Workers' Compensation Appeal Board (Long),* 756 A.2d 96, 101 (Pa. Cmwlth.2000), *petition for allowance of appeal denied,* 565 Pa. 659, 771 A.2d 1293 (2001). Employer argues that *Cantarella* is directly on point because the triggering event in this case was de minimus, and Claimant was not injured. We disagree. After Claimant was hit, the side of his head swelled, and he sought treatment at the hospital. Such an event cannot be characterized as de minimus. Clearly, the touching that was involved in *Cantarella* did not result in a **physical** injury. We agree with the Board's conclusion that the standard applicable to cases involving mental injury caused by physical stimulus applies to Claimant's case. As stated by the Board, a claimant who suffers a mental injury that arose from a physical stimulus only needs to establish that the injury arose in the course of employment and is related to the physical stimulus. *Bell v. Workmen's Compensation Appeal Board*

*(Allegheny County Housing Authority),* 152 Pa.Cmwlth.636, 620 A.2d 589 (1993).

Even if *Cantarella* did apply, the facts in this case would warrant affirming the Board. The Court in *Cantarella* noted that employees in the correctional facility were trained in defense techniques and were aware of the dangers inherent in working around inmates. Accordingly, the incident did not arise to the level of abnormal working condition. The Court summarized: "Because 'assaults' were anticipated by Claimant and Employer, an inmate's touching of a food service instructor's buttocks, while reprehensible, does not rise to the level of an abnormal working condition." *Id.,* at 874.

■ The final issue concerns the question of whether the Board erred in concluding that the contributions the Commonwealth made to Claimant's PSERS disability fund should be included for the purpose of offset credit calculations under Section 204(a), 77 P.S. § 71. That section provides in pertinent part:

> The severance benefits paid by the employer directly liable for the payment of compensation and the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employe shall also be credited against the amount of the award made under sections 108 and 306, except for benefits payable under section 306(c).

In the recent decision in *Pittsburgh Board of Education v. Workers' Compensation Appeal Board (Dancho),* 834 A.2d 1242 (Pa.Cmwlth.2003), this Court held that the Commonwealth is not an "employer directly liable for compensation" under Section 204(a). However, an issue the par-

---

**2.** *See Parson v. Workmen's Compensation Appeal Board (Springettsbury Township),* 164 Pa. Cmwlth.165, 642 A.2d 579, 580–581 (1994)

(quoting *Lowe v. Workmen's Compensation Appeal Board (Lowe's Auto Sales, Inc.),* 152 Pa.Cmwlth.450, 619 A.2d 411, 414 (1992)).

ties raised only in oral argument, and therefore addressed in dicta, was whether provisions of the Public School Employees' Retirement Code, 24 Pa.C.S. §§ 8101–8535 (Retirement Code), as amended in 1995, which changed the contribution scheme for the PSERS pension fund, affects the interpretation of Section 204(a). Under Retirement Code Section 8535, beginning with the 1995–1996 school year, a school district pays both its and the Commonwealth's contribution to the fund, and the Commonwealth must reimburse or pay its share of the contribution directly to the school district. Thus, if the school district made contributions to the fund, reflecting not only its share of contributions, but also those the Commonwealth is required to pay or reimburse to the school district, then the question becomes whether, because the school district is in fact initially funding the full amount, that full amount, without regard to any reimbursement by the Commonwealth, constitutes "the extent funded" under Section 204(a).

The pivotal language to be construed is "benefits from a pension plan to the extent funded by the employer." In looking at how funding occurs from a practical perspective, even if a school district pays the full amount to PSERS, it is entitled to reimbursement from the Commonwealth, and the net funding by the district is the same as if the Commonwealth had paid its contribution directly to PSERS. In the end, the district has contributed only its share of the funding. In that respect, the extent to which the school district funds an employee's PSERS account is limited by the reimbursement amount the Commonwealth pays the district.

We are comfortable that this interpretation does not render the statutory language, which though plain, amenable to more than one construction. Therefore, we conclude that the Board did not err in calculating Employer's credit based solely on the district's contribution. Accordingly, we affirm the order of the Board.

## ORDER

AND NOW, this 16th day of January 2004, the order of the Workers' Compensation Appeal Board is affirmed.